# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin E. Aspen | Sitting Judge if Other than Assigned Judge | Michael T. Mason |
|---|---|---|---|
| **CASE NUMBER** | 03 C 7020 | **DATE** | 12/11/2003 |
| **CASE TITLE** | Toyoda Machinery vs. Gorski, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Hearing on motion for preliminary injunction held. Enter Report and Recommendation. We recommend that the District Court GRANT Toyoda's request for a preliminary injunction. Specific written objections to this report and recommendation may be served and filed within 10 business days from the date that this order is served. Fed R.Civ.P.72(a). Failure to file objections with the District Court within the specified time will result in waiver of the rights to appeal all findings, factual and legal, made by this Court in the report and recommendation. Lorentzen v. Anderson Pest Control, 64 F.3d 327, 330(7th Cir. 1995). All matters relating to the referral of this action having been resolved, the case is returned to the assigned judge.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | DEC 1 2 2003 | |
| | Notified counsel by telephone. | date docketed | 9 |
| ✓ | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| ✓ | Copy to judge/magistrate judge. | | |
| | | date mailed notice | |
| JD | courtroom deputy's initials | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

TOYODA MACHINERY USA CORPORATION, )
an Illinois corporation, )
)
            Plaintiff, )
)   Case No. 03 C 7020
v. )
)   Judge Marvin E. Aspen
RAYMOND GORSKI, individually and )
d/b/a GORSKI POWER, )   Mag. Judge Michael T. Mason
)
            Defendants. )

## REPORT AND RECOMMENDATION

Michael T. Mason, United States Magistrate Judge:

Plaintiff, Toyoda Machinery USA Corp. ("Toyoda"), has filed a motion for a preliminary injunction against defendant, Raymond Gorski ("Gorski"), seeking the return of its machinery. After entering a temporary restraining order against Gorski on November 25, 2003[1], the District Court referred this matter to us to conduct a hearing on the motion for a preliminary injunction, which we held on December 11, 2003. Defendant Gorski received notice of the motion and hearing, and was given an opportunity to retain counsel. Gorski declined to retain counsel and was not present in court for the hearing. Mr. Gorski failed to file any pleadings with the court and did not present a defense to Toyoda's claims.[2] For the reasons stated herein, we recommend

---

[1] On December 4, 2003, the initial temporary restraining order was extended for an additional ten days to December 19, 2003.

[2] We conducted three status hearings on this motion on December 2, 3 and 4, 2003. Defendant was allowed to participate telephonically for each of those hearings and was informed of his rights and urged to speak with and retain counsel. Defendant was also told to appear in court for the preliminary injunction hearing on December 11, 2003.

that the District Court GRANT the motion. In rendering this decision, the Court has considered the testimony of Mark Elliott[3] and his supporting affidavit, the seven documents admitted into evidence[4], the arguments and pleadings from the plaintiff, statements made by Gorski during three status calls before this Court, and the relevant case law. Pursuant to Fed. R. Civ. P. 52, we make the following findings of fact and conclusions of law.

## FINDINGS OF FACT

This matter stems from a June, 2002 business transaction between the parties. At that time, Toyoda and Gorski entered into a sales contract whereby Gorski agreed to purchase two Toyoda Horizontal Machining Centers from Toyoda for $555,000. On June 27, 2002, the parties entered into a Security Agreement granting to Toyoda "a continuing general security interest in two (2) Toyoda Horizontal Machining Centers, Model No. FA630, Serial Nos. NM8799 and NM8800, together with all standard equipment and accessories" (hereinafter the "Equipment"). Pursuant to the Security Agreement, a purchase money security interest in the Equipment was created in favor of Toyoda. The Security Agreement also provided that all loan and sales documents by and between the parties, including, but not limited to, all purchase orders, confirmations

---

[3]Mark Elliott is the Director of Administration of Toyoda Machinery USA Corporation and has held that position for the duration of this dispute.

[4]Plaintiff's Exhibit 1 is the purchase order agreement signed by Gorski for the two Horizontal Machining Centers ("Equipment") at issue in this case. Exhibit 2 is the Security Agreement for the Equipment signed by Gorski and Toyoda. Exhibit 3 is Toyoda's UCC Financing Statement for the Equipment. Exhibit 4 is the Bill of Lading for the Horizontal Machining Center with serial number 8799 and Exhibit 5 is the Bill of Lading for the machine with serial number 8800. Both documents are signed by Gorski. Exhibit 6 is the February 21, 2003 letter modifying the payment terms for the Equipment, which both parties signed. Exhibit 7 is the August 29, 2003 letter Toyoda sent Gorski demanding full payment for the Equipment.

2

of sale and any other documents of agreement, were made subject to the terms of the Security Agreement.

Gorski accepted delivery of the Equipment on August 1, 2002 and August 5, 2002. Toyoda perfected its security interest in the Equipment by filing a UCC-1 Financing Statement with the Secretary of State of New York on August 5, 2002. Pursuant to a February 21, 2003 letter agreement signed by the parties, they modified the payment terms and the purchase price for the Equipment. According to the new terms, Gorski was to pay a purchase price of $710,000 for the Equipment in full on or before June 20, 2003. To date, Gorski has not paid any of the $710,000 he owes Toyoda, leaving the full purchase price of the Equipment due and owing. In a letter dated August 29, 2003, Toyoda made a demand for full payment of Gorski's outstanding liability on the Equipment. Gorski has not responded to or complied with Toyoda's demand.

Paragraph 5 of the Security Agreement provides that Gorski "shall be in default" if he fails to "pay any indebtedness when due or payable." As a result of his failure to pay the $710,000 purchase price, Gorski is in default of the Security Agreement. The Security Agreement further states in paragraph 6 that upon default by Gorski, the unpaid balance of any and all indebtedness, obligations, and liabilities however evidenced and secured shall be accelerated and become immediately due and payable. Paragraph 6 also provides that upon default, Toyoda has the right to immediate possession of the Equipment and can enter Gorski's premises and remove the Equipment.

Gorski has represented and we find that he has never used the Equipment and that it is currently located on his leased business premises in upstate New York. The Equipment is subject to depreciation and deterioration and is not under any safeguard. The Equipment is a depreciating asset and therefore the value of Toyoda's interest in it diminishes daily. Due to Mr. Gorski's current financial position, he does not have the ability to pay his $710,000 debt to Toyoda.

**CONCLUSIONS OF LAW**

In order to obtain a preliminary injunction, a party must satisfy five criteria. First, it must show: 1) some likelihood of success on the merits; 2) that no adequate remedy at law exists; and 3) that it will suffer irreparable harm if the injunction is not granted. *See Ty, Inc. v. The Jones Group*, 237 F.3d 891, 895 (7th Cir. 2001) (*citing Abbott Labs. v. Mead Johnson & Co.*, 971 F.2d 6, 11 (7th Cir. 1992). "If the court is satisfied that these three conditions have been met, then it must consider the irreparable harm that the nonmoving party will suffer if preliminary relief is granted, balancing such harm against the irreparable harm the moving party will suffer if relief is denied. *Ty, Inc.*, 237 F.3d at 895. Last, the court considers whether and how the public interest will be affected if the injunction is granted or denied. *Id.* "This process involves engaging in what we term the sliding scale approach; the more likely the plaintiff will succeed on the merits, the less the balance of irreparable harms need favor the plaintiff's position." *Id.*

*Likelihood of Success on the Merits*

In order to demonstrate a likelihood of success on the merits, Toyoda must show that it has a better than negligible chance of success. *See Platinum Home Mortgage Corp. v. Platinum Financial Group, Inc.*, 149 F.3d 722, 726 (7th Cir. 1998). In this case,

Toyoda has shown a likelihood of success on the merits of its claim. In the February 21, 2003 letter agreement signed by Gorski, he agreed to pay Toyoda $710,000, the full outstanding purchase price for the Equipment, by June 20, 2003. It is undisputed that the entire purchase price remains unpaid and that Toyoda perfected its purchase money security interest in the Equipment on August 5, 2003.

Gorski is in default of the Security Agreement because he has failed to pay the $710,000 purchase price of the Equipment in full and Toyoda has a perfected security interest in the Equipment. The Security Agreement provides that upon default by Gorski, Toyoda has the right to exercise its secured rights to the Equipment, including its right to require Gorski to make the Equipment available for repossession and/or enter Gorski's premises and remove the Equipment. Upon default, Toyoda additionally has all of the rights of a secured creditor under the Uniform Commercial Code. Gorski has not presented any defense to the allegations in Toyoda's complaint or motion for preliminary injunction. We find that Toyoda has established a likelihood of success on the merits of its complaint.

*Inadequate Remedy at Law and Irreparable Harm*

Next, Toyoda must establish that it does not have an adequate remedy at law and that it will suffer irreparable harm if the injunction is not granted. Toyoda can meet this burden by showing that any damage award it may obtain after a trial on the merits would be seriously deficient as a remedy for the harm it suffered. See *Roland Machinery Company v. Dresser Industries, Inc.*, 749 F.2d 380, 386 (7th Cir. 1984). Toyoda has met its burden and we find that it has an inadequate remedy at law and faces irreparable harm if the injunction is not granted.

Gorski represented to the Court that he is in serious financial trouble and does not have the financial resources to meet his monetary obligations to Toyoda and other creditors. There is a real possibility that Gorski may become insolvent or file for bankruptcy before a final judgment can be entered and collected in this case, making any potential monetary award inadequate. Replevin is also an impractical and inadequate remedy because the Equipment is located in upstate New York. After many demands by Toyoda, Gorski has not and will not agree to return the Equipment, forcing Toyoda to seek this Court's intervention. We find that without injunctive relief, Toyoda faces the loss of the benefit of the contractual right of repossession in the Security Agreement.

Toyoda has also established irreparable harm because the Equipment is a depreciating asset. Toyoda loses money each day it is delayed in repossessing the Equipment. As with all depreciating assets, each day the Equipment sits on Gorski's premise, it loses value. The sooner Toyoda takes possession of the Equipment, the sooner it can resell it, maximizing the Equipment's resale value and minimizing the damages it can and presumably will seek from Gorski.

*Balance of Harms and The Public Interest*

The balance of harms clearly weighs in Toyoda's favor. Gorski has represented to the court that the Equipment is not currently in use and may never have been used. The Equipment is merely sitting on his business premises continuing to depreciate. As stated above, Toyoda is harmed by the ever increasing depreciation of the Equipment and should be allowed to repossess the Equipment and resell it as soon as possible, thus maximizing its resale value and minimizing both parties' loss.

The last factor we must consider is whether and how the public interest will be affected if the injunction is granted or denied. We find that our decision one way or the other in this case will not affect the public interest. This is a relatively insignificant commercial dispute between two private parties, with no bearing on the public at large.

## CONCLUSION

For the reasons stated above, we recommend that the District Court GRANT Toyoda's request for a preliminary injunction. Specific written objections to this report and recommendation may be served and filed within 10 business days from the date that this order is served. Fed. R. Civ. P. 72(a). Failure to file objections with the District Court within the specified time will result in a waiver of the rights to appeal all findings, factual and legal, made by this Court in the report and recommendation. *Lorentzen v. Anderson Pest Control*, 64 F.3d 327, 330 (7th Cir. 1995).

ENTER:

MICHAEL T. MASON
United States Magistrate Judge

Dated: December 11, 2003